## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
## FORT LAUDERDALE DIVISION

| | |
|---|---|
| NOLAN MORAN, individually and on behalf of all others similarly situated, ) ) ) | |
| Plaintiff, ) ) | Case No. |
| v. ) ) ) | **JURY TRIAL DEMANDED** |
| CONSOLIDATED WORTLD TRAVEL, INC. d/b/a HOLIDAY CRUISE LINE, a Florida corporation, ) ) ) ) | |
| Defendant. ) | |

## CLASS ACTION COMPLAINT

Plaintiff Nolan Moran ("Plaintiff") brings this Class Action Complaint against Defendant Consolidated World Travel, Inc. d/b/a Holiday Cruise Line ("HCL"), on behalf of himself and all others similarly situated, and complains and alleges upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

### I.   NATURE OF THE ACTION

1. HCL offers cruise packages and operates a cruise ship known as the Grand Celebration. In an effort to market its products and services, HCL sent (or directed to be made on its behalf) calls to the wireless telephones of Plaintiff and each of the members of the Class without prior express written consent[1] in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

---

[1] As of October 16, 2013, prior express ***written*** consent is required. *See In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order (FCC Feb. 15, 2012) (amending 47 C.F.R. 64.1200(a)(2)).

2. Neither Plaintiff nor the other Class members ever consented in writing, authorized, desired or permitted HCL to make calls to their wireless telephones.

3. By making such unauthorized calls, HCL caused Plaintiff and each of the Class members actual harm, including the aggravation and nuisance that necessarily accompanies the receipt of unsolicited calls, and the monies paid to their wireless carriers for the receipt of such calls.

4. In order to redress these injuries, Plaintiff seeks an injunction requiring HCL to cease all unsolicited calling activities, an award of statutory damages to the Class members under the TCPA, together with costs and reasonable attorneys' fees.

## II.  JURISDICTION AND VENUE

5. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it arises under the laws of the United States.

6. This Court has personal jurisdiction over HCL under the Florida Long-Arm Statute, Fla. Stat. § 48.193, because HCL conducts and carries on business in this State.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) because HCL resides in this District.

## III.  PARTIES

*Plaintiff*

8. Plaintiff Nolan Moran is an individual domiciled in Dallas County, Texas.

*Defendant*

9. Defendant HCL is a corporation organized in and existing under the laws of the State of Florida with its principal place of business located 2121 W. Oakland Park Blvd., Suite 1, Fort Lauderdale, Florida 33311.

## IV.     FACTUAL BACKGROUND

10.     Companies have employed advance technologies that make it easier to market their products and services. According to a recent report examining class actions under the TCPA in the Northern District of Illinois:

> ***Autodialers (also known as robocalls) automatically deliver a prerecorded message to a list of telephone numbers, and thus remove the need for human representatives***. These predictive dialers were developed to find better pacing (scheduling of dialing attempts) by collecting and analyzing data on the proportion of call attempts that are answered, durations of time from call initiation to answer, and durations of service. The technology was designed to minimize both the time that telemarketers must spend waiting between conversations and amount of abandoned calls experienced by consumers.[2]

11.     At all relevant times, Plaintiff was the subscriber of the wireless telephone number ending in 6960.

12.     On or about February 2, 2015, Plaintiff received a call to his wireless telephone.

13.     Plaintiff's caller identification system listed the calling number as (817) 406-2414.

14.     Upon answering the call and saying "hello" twice, a prerecorded message and/or artificial voice identified the speaker as "Jennifer" from "Holiday Cruise Line."

15.     Jennifer's responses were automated and developed using interactive voice or voice automation technology.

16.     "Jennifer" stated that the call was regarding the promotion of a cruise with Holiday Cruise Line.

---

[2] Institute for Consumer Antitrust Studies, Loyola University Chicago School of Law, THE TELEPHONE CONSUMER PROTECTION ACT OF 1991: ADAPTING CONSUMER PROTECTION TO CHANGING TECHNOLOGY 7 (Fall 2013) (emphasis added). The report "was made possible through a cy pres distribution from a class action involving the TCPA in the Northern District of Illinois under the supervision of Senior Judge William Hart and Magistrate Judge Morton Denlow." *Id.* at 2.

17. On information and belief, the cruise referred to in the call was aboard a cruise ship called "The Grand Celebration."

18. The website for "Holiday Cruise Line" is www.holidaycl.com (the "Website").

19. HCL is the registrant of the Website.

20. On the Website, HCL asks called persons to: "Enjoy Cruising With Us On The Grand Celebration."[3]

21. On information and belief, HCL has made and continues to make phone calls to Plaintiff's and the Class members' wireless phones without prior express written consent as part of its advertising campaign.

22. HCL made or had made on its behalf, the same or substantially the same calls *en masse* to a list of thousands of wireless telephone numbers or randomly generated phone numbers.

23. On information and belief, HCL made these calls to Plaintiff and the Class members using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers.

24. Plaintiff and the Class members never consented to, requested, or otherwise desired or permitted HCL to call their wireless phones.

## V.   CLASS ALLEGATIONS

25. Plaintiff brings this action, as set forth below, on behalf of himself and as a class action pursuant to the provisions of Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure on behalf of a class defined as:

> All individuals in the United States who received one or more phone calls without prior express written consent of the called party from or on behalf of Defendant Consolidated World Travel,

---

[3] Holiday Cruise Line, Home, http://www.holidaycl.com/index.asp (last visited March 5, 2015).

Inc. d/b/a Holiday Cruise Line placed by an automatic telephone dialing service or by an artificial or prerecorded voice (the "Class").

Excluded from the Class are HCL and its subsidiaries and affiliates; all persons who make a timely election to be excluded from the Class; governmental entities; and the judge to whom this case is assigned and any immediate family members thereof.

26. Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of his claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

27. **Numerosity – Federal Rule of Civil Procedure 23(a)(1).** The members of the Class are so numerous that individual joinder of all Class members is impracticable. On information and belief, there are thousands of consumers who have been damaged by HCL's wrongful conduct as alleged herein. The precise number of Class members and their addresses is presently unknown to Plaintiff, but may be ascertained from HCL's books and records. Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. mail, electronic mail, Internet postings, and/or published notice.

28. **Commonality and Predominance – Federal Rule of Civil Procedure 23(a)(2) and 23(b)(3).** This action involves common questions of law and fact, which predominate over any questions affecting individual Class members, including, without limitation:

    a.    whether HCL's conduct constitutes a violation of the TCPA;

    b.    whether the equipment HCL (or someone on HCL's behalf) used to make the calls in question was an automatic telephone dialing system as contemplated by the TCPA;

    c.    whether Plaintiff and the Class are entitled to actual, statutory, or other forms of damages, and other monetary relief and, in what amount(s);

    d.    whether Plaintiff and the Class are entitled to treble damages based on the willfulness of HCL's conduct; and

    e.    whether Plaintiff and the Class are entitled to equitable relief, including but not limited to injunctive relief and restitution.

29.    **Typicality – Federal Rule of Civil Procedure 23(a)(3).**  Plaintiff's claims are typical of the other Class members' claims because, among other things, all Class members were comparably injured through the uniform prohibited conduct described above.

30.    **Adequacy of Representation – Federal Rule of Civil Procedure 23(a)(4).** Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the other Class members he seeks to represent; he has retained counsel competent and experienced in complex commercial and class action litigation; and Plaintiff intends to prosecute this action vigorously.  The interests of the Class members will be fairly and adequately protected by the Plaintiff and his counsel.

31.    **Declaratory and Injunctive Relief – Federal Rule of Civil Procedure 23(b)(2).** HCL has acted or refused to act on grounds generally applicable to Plaintiff and the other Class members, thereby making appropriate final injunctive relief and declaratory relief, as described below, with respect to Class as a whole.

32.    **Superiority – Federal Rule of Civil Procedure 23(b)(3).** A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by Plaintiff and the other Class members are relatively small compared to the burden and expense that would be required to individually litigate their claims against HCL, so it would be impracticable for Class members to individually seek redress for HCL's wrongful conduct.  Even if Class members could afford individual

litigation, the court system could not. Individualized litigation creates a potential for inconsistent or contradictory judgments, and increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

## VI. CLAIM ALLEGED

### COUNT I
### Violation of the TCPA, 47 U.S.C. § 227
### (On behalf of the Class)

33. Plaintiff incorporate by reference the foregoing allegations as if fully set forth herein.

34. HCL and/or its agents made phone calls to the wireless telephone numbers of Plaintiff and the other Class members *en masse* without their prior express consent.

35. HCL made the calls, or had them sent on its behalf, using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers.

36. HCL utilized equipment that made the calls to Plaintiff's and other Class members' wireless telephones simultaneously and without human intervention.

37. HCL made the calls, or had them sent on its behalf, using an artificial and/or prerecorded voice.

38. By making the calls to Plaintiff and the Class, HCL has violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of HCL's unlawful conduct, the Class members suffered actual damages in the form of monies paid to receive the calls on their wireless phones and under

section 227(b)(3)(B) are each entitled to, *inter alia*, a minimum of $500.00 in damages for each such violation of the TCPA.

39. Should the Court determine that HCL's conduct was willful or knowing, the Court may, pursuant to section 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other Class members.

## VII.    JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of all claims in this Complaint so triable.

## VIII.    REQUEST FOR RELIEF

WHEREFORE, Plaintiff Nolan Moran, individually and on behalf of the Class, requests that the Court enter an Order as follows:

A.  Certifying the Class as defined above, appointing Plaintiff Nolan Moran as the representative of the Class, and appointing his counsel as Class Counsel;

B.  Awarding of actual or statutory damages;

C.  Requiring HCL to cease all wireless phone call activities initiated without prior express written consent, and otherwise protecting the interests of the Class;

D.  Awarding of reasonable attorneys' fees and costs; and

E.  Awarding such other and further relief that the Court deems reasonable and just.


Dated: March 10, 2015                                 Respectfully submitted,

                                                     NOLAN MORAN, individually and on
                                                     behalf of all others similarly situated

                                                     By:   /s/ Scott D. Owens
                                                             One of the Attorneys for Plaintiff
                                                             And the Proposed Putative Class

Joseph J. Siprut*
*jsiprut@siprut.com*

-9-

Ismael T. Salam*
*isalam@siprut.com*
**SIPRUT PC**
17 North State Street
Suite 1600
Chicago, Illinois 60602
312.236.0000
Fax: 312.241.1260

Scott D. Owens
*scott@scottdowens.com*
**SCOTT D. OWENS, P.A.**
3800 S. Ocean Dr., Ste. 235
Hollywood, FL 33019
Tel: 954-589-0588
Fax: 954-337-0666

Robert Ahdoot*
*rahdoot@ahdootwolfson.com*
Tina Wolfson*
*twolfson@ahdootwolfson.com*
Brad King*
*bking@ahdootwolfson.com*
AHDOOT & WOLFSON, PC
1016 Palm Avenue
West Hollywood, California 90069
310.474.9111
Fax: 310.474.8585

*<i>Pro hac vice</i> application forthcoming

4817-3798-4034, v. 1